UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TWITTER, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>VOIP-PAL.COM, INC., et al.,<br><br>    Defendants. | Case No. 3:21-cv-09773-JD<br><br>**ORDER RE MOTION TO DISMISS** |

In this patent declaratory judgment suit, plaintiff Twitter seeks a declaration of non-infringement of U.S. Patent No. 10,880,721 (the '721 patent) and U.S. Patent No. 8,630,234 (the '234 patent) (collectively the mobile gateway patents) against patent owner and defendant VoIP-Pal.com (VoIP). Dkt. No. 1. VoIP asks to dismiss for lack of subject matter jurisdiction, lack of personal jurisdiction, and improper venue under Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(3). Dkt. No. 25. The parties' familiarity with record and applicable legal standards is assumed. Dismissal is denied on all grounds. The parties are directed to file a joint proposed schedule by August 5, 2022.

**I.    PERSONAL JURISDICTION**

For the personal jurisdiction objection under Federal Rule of Civil Procedure 12(b)(2), the question is governed by Federal Circuit law. *Juniper Networks, Inc. v. Swarm Tech. LLC*, No. 20-cv-3137-JD, 2021 WL 6049924, at *1 (N.D. Cal. Dec. 21, 2021) (citing *Trimble Inc. v. PerDiemCo LLC* 997 F.3d 1147, 1152 (Fed. Cir. 2021)). Because California's long-arm statute is coextensive with the limits of due process, the only inquiry is "whether jurisdiction comports with due process." *Id*. at *2 (quoting *Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1360 (Fed. Cir. 2001)). To determine if jurisdiction comports with due process, the Court considers three factors: "(1)

whether the defendant 'purposefully directed' its activities at residents of the forum; (2) whether the claim 'arises out of or relates to' the defendant's activities with the forum; and (3) whether assertion of personal jurisdiction is 'reasonable and fair.'" *Xilinx, Inc. v. Papst Licensing GmbH & Co. KG*, 848 F.3d 1346, 1352 (Fed. Cir. 2017) (citing *Inamed*, 249 F.3d at 1360).

Patent enforcement proceedings "involving the same patent in the same court against other alleged infringers" can be a significant contact with a forum for the purposes of personal jurisdiction. *Avocent Huntsville Corp. v. Aten Int'l Co., Ltd.*, 552 F.3d 1324, 1338-39 (Fed. Cir. 2008). Several district courts have also found that enforcement of the same or related patents can give rise to personal jurisdiction. *See, e.g.*, *Twitter, Inc. v. VoIP-Pal, Inc.*, No. 20-cv-2397-LHK, 2020 WL 7342733, at *10 (N.D. Cal. Dec. 14, 2020) (collecting cases). The Federal Circuit has nevertheless held that contracts concerning patents other than the patent-in-suit are not relevant to the minimum contacts analysis. *Xilinx*, 848 F.3d at 1353.

Twitter points to VoIP's attempts to transfer its patent portfolio, which included the '234 patent, to Apple before ultimately suing Apple for patent infringement in the Western District of Texas as establishing minimum contacts with this district. Dkt. No. 1 ¶ 33; Dkt. No. 30 at 12-13. VoIP says that these interactions with Apple are irrelevant because they did not relate to Twitter, they did not involve the '721 patent, and were not specifically related to the mobile gateway patents. Dkt. No. 25 at 13. But Twitter's allegations establish that VoIP was seeking to transfer its entire patent portfolio, including the '234 patent, to Apple as part of VoIP's patent enforcement efforts. Dkt. No. 1 ¶ 33. That VoIP discussed the patent portfolio with Apple instead of Twitter is of no consequence because analysis of minimum contacts looks to the full scope of VoIP's activities related to the mobile gateway patents in California. *Juniper Networks*, 2021 WL 6049924, at *2.

Twitter goes to some length to describe VoIP's long history of litigation in this district. VoIP's initial lawsuit against Twitter and several other defendants was filed in the District of Nevada, but transferred to this district. Dkt. No. 1 ¶ 3. VoIP subsequently stipulated to litigate five other cases in this district. *Id.* ¶ 41. Those cases involved routing, billing, rating (RBR) patents, which are not part of the same family as the mobile gateway patents. Twitter alleges that

1   the RBR patents are similar to the mobile gateway patents, have similar claims, and concern the

2   same technology. *Id*. ¶ 17.  Another judge in this district has noted the similarity between the

3   RBR and mobile gateway patents. *Id*. ¶ 63; Dkt. No. 1-9 at 16.  During these previous suits, VoIP

4   sought to execute a covenant not to sue for the RBR patents.  Twitter requested that VoIP provide

5   a covenant not to sue for VoIP's entire patent portfolio, which VoIP refused to do.  Overall, this

6   conduct evidences VoIP's intent to continue to enforce other patents in its portfolio, even as it

7   covenanted not to sue Twitter for the RBR patents. *See Juniper Networks*, 2021, WL 6049924 at

8   *2.

9   It is also fair and reasonable to exercise jurisdiction over VoIP.  As a non-practicing entity,

10   litigation is not unduly burdensome for VoIP in this district. *See Trimble*, 997 F.3d at 1158.  As a

11   California resident, Twitter has a significant interest in litigating this dispute in California, and

12   California has a corresponding interest in the dispute's adjudication. *Id*. at 1158-59.  There is also

13   no "conflict between the interests of California and any other state, because the same body of

14   federal patent law would govern the patent noninfringement claim" regardless of the forum. *Id*. at

15   1159 (citing *Xilinx*, 848 F.3d at 1356).  Consequently, VoIP's motion to dismiss for lack of

16   personal jurisdiction is denied.

17   **II.   VENUE**

18   Venue is appropriate in "a judicial district where any defendant resides," and for purposes

19   of venue, a defendant is resident in "any judicial district in which such defendant is subject to the

20   court's personal jurisdiction with respect to the civil action in question."  28 U.S.C. § 1391.

21   Because the Court has personal jurisdiction over VoIP, venue is proper in the Northern District of

22   California.

23   **III.  SUBJECT MATTER JURISDICTION**

24   For VoIP's motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), "[w]hether

25   an actual case or controversy exists so that a district court may entertain an action for a declaratory

26   judgment of non-infringement and/or invalidity is governed by Federal Circuit law." *Ass'n for*

27   *Molecular Pathology v. U.S. Patent & Trademark Office*, 689 F.3d 1303 (Fed. Cir. 2012), *rev'd on*

28   *other grounds*, *Ass'n for Molecular Pathology v. Myriad Genetics, Inc.*, 569 U.S. 576 (2013).  To

3

satisfy the case or controversy requirement in the declaratory judgment context, the parties' dispute must be 'real and substantial and admit of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'" *Sanofi-Aventis U.S., LLC v. Dr. Reddy's Labs., Inc.*, 933 F.3d 1367, 1372-73 (Fed. Cir. 2019) (quoting *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007)) (cleaned up). The Court considers the totality of the circumstances in assessing whether there is an actual controversy. *Vanguard Research, Inc. v. PEAT, Inc.*, 304 F.3d 1249, 1254 (Fed. Cir. 2002).

VoIP says that there is no actual controversy because none of VoIP and Twitter's dealings to this point have been about the mobile gateway patents, and that VoIP has not made substantive threats to Twitter about the mobile gateway patents. Dkt. No. 25 at 9-10. The litigation history between VoIP and Twitter tells a different story.

As discussed, VoIP has sued Twitter for infringement of VoIP's RBR patents, and those patents have also been the subject of other declaratory judgment actions in this district. The Federal Circuit has held that accusations of infringement for closely related patents covering the same technology can be sufficient to create an actual controversy. *See Arkema Inc. v. Honeywell Int'l, Inc.*, 706 F.3d 1351, 1357-58. This case involves similar technology to the RBR patents that VoIP has previously asserted against Twitter. Dkt. No. 1-9 at 16. Additionally, during the course of VoIP's other litigations with Twitter, Twitter has requested a covenant not to sue for VoIP's entire patent portfolio, including the mobile gateway patents at issue in this case, which VoIP has refused to grant. Dkt. No. 1 ¶ 9. A refusal to covenant not to sue can also suggest "that there is an active and substantial controversy between the parties regarding their legal rights with respect to those patents." *Arkema*, 706 F.3d at 1358.

Twitter points to VoIP's other lawsuits in the Western District of Texas asserting the mobile gateway patents. Dkt. No. 30 at 9. VoIP sued Apple, AT&T, Verizon, Amazon, Facebook, WhatsApp, Google, and T-Mobile alleging infringement of the '234 and '721 patent. Dkt. No. 1 ¶ 16. While VoIP did not sue Twitter in Texas, Twitter alleges that those law suits accuse the same products of infringing the mobile gateway patents as were accused in VoIP's previous suits concerning the RBR patents. *Id*. ¶ 18.

4

These circumstances demonstrate VoIP's intent to enforce its mobile gateway patents, including against Twitter.  Consequently, Twitter has demonstrated an active controversy, and VoIP's motion to dismiss is denied.

**IT IS SO ORDERED.**

Dated: July 22, 2022

JAMES DONATO
United States District Judge